THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R‌ICKEY H‌AWTHORNE

        Plaintiff,           Case No. 06-14011

vs.

        C‌HIEF J‌UDGE B‌ERNARD A. F‌RIEDMAN
        M‌AGISTRATE J‌UDGE S‌TEVEN D. P‌EPE

P‌ATRICIA  L.C‌ARUSO,
D‌OUGLAS V‌ASBINDER

        Defendants.
_____/

**ORDER REGARDING PLAINTIFF'S MOTION FOR URGENT RELIEF (Dkt. #20)
AND EXTENDING RESPONSE AND REPLY DATES
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    Plaintiff requests urgent relief based upon Defendant Caruso's alleged denial of his request for extra law library time, which he feels he needs in order to complete his brief in response to Defendants' summary judgment motion.

    It is unclear whether in his present motion Plaintiff is seeking temporary relief only, or also a preliminary injunction or a chance to supplement his pleadings and add a new claim although his "VERIFICATION" on page 5 indicates alternative relief of an enlargement of time beyond April 20 for filing a response to defendants' pending motion for summary judgment. At any rate, more information is needed before a report and recommendation or an order can be issued regarding a claim seeking injunctive relief.[1]

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(A), requests for injunctive relief require a report and recommendation.

1

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65.[2]

In order to determine whether to grant a preliminary injunction, a district court must consider: "(1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County*, 274 F.3d 377, 400 (6th Cir. 2001).

Any preliminary injunctive relief also requires jurisdiction over the party to be enjoined, and the librarian(s) with whom Plaintiff is having difficulty are not parties to this action, nor is it apparent that they are acting at the direction of either Defendant – the MDOC Director and the warden of Plaintiff's facility.

Restrictions of prisoner library time are constitutional so long as those restrictions do not deny a prisoner's access to the courts. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir.1985). Therefore, in order to determine if a constitutional violation has taken place, i.e. if Plaintiff is likely to succeed on the merits of this claim, the undersigned requires information regarding Plaintiff's law library access and who is allegedly denying it.

**If** Plaintiff seeks injunctive relief **he shall on or before April 21, 2007, provide this**

---

[2] Plaintiff certifies he mailed copies of his pleadings to defense counsel.

**Court with a declaration signed and dated under penalties of perjury pursuant to 28 U.S.C.§ 1746, and/or any other evidence available reflecting clearly the individuals allegedly interfering with his library time as well as an indication of the total amount of law library time Plaintiff has been allowed from January 1, 2007, through March 31, 2007.**

Though the Complaint in this matter alleges inadequate access to the law library, the present allegation – deliberate denial of access to the library in order to interfere with Plaintiff's ability to litigate this case – is not part of the original complaint, as it is alleged to have taken place after the complaint was filed and it is not apparent that either of the named Defendants were involved in this series of events.  In order to properly add new claims to this case or seek to add parties, Plaintiff must (a.) exhaust his administrative remedies as to the specific defendant with respect to the claims (which Plaintiff alleges he has done) and then *either* (b.) file motion with the court to supplement the complaint to add these claims[3] or (c.) file a new complaint containing these allegations and naming the parties involved as defendants.

To te extent that Plaintiff's request is merely one for additional time in which to file his brief in response to Defendants' December 22, 2006, motion for summary judgment (Dkt. #9)

---

[3] The Federal Rules of Civil Procedure, Rule 15, provide for supplemental pleadings:

> **(d) Supplemental Pleadings.** Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

that will be GRANTED.  Plaintiff's response brief is now due on or before May 21, 2007.

Defendants may file a reply on or before June 4, 2007.

SO ORDERED.

Date: April 11, 2007                             s/Steven D. Pepe
Flint, Michigan                                  United States Magistrate Judge


CERTIFICATE OF SERVICE

I hereby certify  that on April 11, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Christine M. Campbell, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Rickey Hawthorne #180295, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784

                                s/ James P. Peltier
                                Courtroom Deputy Clerk
                                U.S. District Court
                                600 Church St.
                                Flint, MI 48502
                                810-341-7850
                                pete_peltier@mied.uscourts.gov