UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICKEY HAWTHORNE

              Plaintiff,                    Case No. 06-14011

vs.

                                    CHIEF JUDGE BERNARD A. FRIEDMAN
                                    HONORABLE STEVEN D. PEPE


PATRICIA CARUSO AND

DOUGLAS VASBINDER
                    Defendants.
_____/



**REPORT AND RECOMMENDATION**


**I.**     **INTRODUCTION**

       This is a prisoner's civil rights action pursuant to 42 U.S.C. § 1983, in which Defendants

have filed a Motion for Summary Judgment which was referred for a Report and

Recommendation under 28 U.S.C. §636(b)(1)(B).  For the reasons stated below, IT IS

RECOMMENDED that Plaintiff's *in forma pauperis* status be REVOKED pursuant to 28 U.S.C. §

1915(g), and Plaintiff's §1983 claim against Defendant Douglas Vasbinder[1]  be DISMISSED

without prejudice to being refiled upon payment of the applicable filing fee pursuant to 28

U.S.C. § 1914.

---

[1] The other named Defendant, Patricia Caruso, was previously dismissed from this case
prior to its transfer to the Eastern District of Michigan (Dkt. #1, pages 36-38 [per electronic
filing pagination]).  By Order of the United Stated District Court for the Western District of
Michigan, Defendant Caruso was dismissed because Plaintiff failed to allege anything more than
a claim based on respondeat superior liability. *Id.* at 37.  Therefore, any arguments regarding
Defendant Caruso by either party will not be discussed because the issues raised are moot.

## II.   BACKGROUND

### PLAINTIFF'S ALLEGATIONS

The allegations relate to Plaintiff Ricky Hawthorne's confinement at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan.  In his Complaint, Plaintiff alleges Defendant Vasbinder violated his constitutional rights.  Specifically, he alleges that he denied him access to the courts, indigent status (he allegedly cannot afford to buy his own legal supplies or hygiene supplies, or has to choose between them), and a single cell.  Further, Plaintiff alleges that Defendant Vasbinder did not respond to at least one of his grievances.

### PROCEDURAL HISTORY

On December 22, 2006, Defendants filed a Motion for Summary Judgement (Dkt. #9). The motion argues that they are entitled to summary judgment because contrary to Plaintiff's allegations, the Constitution does not mandate comfortable prisons,  Plaintiff has not stated a viable claim pursuant to the Eight Amendment, Plaintiff has not stated a viable claim for denial of access to the courts, and Defendants are entitled to qualified immunity. Plaintiff filed two Responses (Dkt. #17 and #23) to Defendants' Motion for Summary Judgment and Defendants subsequently filed a Reply Brief (Dkt. #25).

## III.   ANALYSIS

### THREE STRIKES

The Prison Litigation Reform Act (PLRA) states in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

28 U.S.C. § 1915(g). Dismissal is proper "under the provisions of 28 U.S.C. § 1915(g) of the . . .
Prison Litigation Reform Act (PLRA), which precludes the filing of in forma pauperis (IFP) civil
actions by a prisoner who has had similar petitions dismissed as frivolous on three or more prior
occasions." *Wilson v. Yaklich*, 148 F.3d 596, 599 (6th Cir. 1998). The plain language of the statute
indicates that a prisoner is barred from *bringing* an action with pauper status if they *previously* had
three or more actions dismissed on the grounds stated.

Plaintiff has had more than three cases dismissed either for failure to state a claim or because
the claims were frivolous. "This 'three strikes' provision of the Prison Litigation Reform Act is not
an affirmative defense. *McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (1998). It may be raised by
a federal court sua sponte." *Bowker v. United States*, 2006 WL 2990519, *3 (slip opinion) (N.D.
Ohio 2006) (citing *Wilson*, 2002 WL 1009561, at *1; *Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D.
Mich.1997)).

On February 10, 2003, the United States District Court for the Eastern District of Michigan
dismissed for failure to state a claim by Plaintiff regarding conspiracy. (Case no. 02-70768, Dkt.
#27, pages 7-9 and #29). On April 30, 1998, the United States District Court for the Eastern District
of Michigan in another case "ORDERED that the complaint [be] DISMISSED as frivolous pursuant
to § 1915(e)(2)(B)." (Case No. 98-71558, Dkt. #4, page 5 and #5). On April 4, 1996, United States
District Court for the Eastern District of Michigan dismissed Plaintiff's First Amendment claim
regarding access to courts due to his "[c]onclusory allegations [which were] insufficient to state a
cause of action and are grounds to dismiss a complains" pursuant to *Chapman v. City of Detroit*, 808
F.2d 459, 465 (6th Cir. 1986), among other reasons, and his Eight Amendment claim of cruel and
unusual punishment because his "statement [were] conclusory and not supported by factual

allegations which are required to state a claim pursuant to 42 U.S.C. § 1983." (Case No. 95-73786, Dkt. #54, pages 11 & 16 and #59).

Additionally, the following docket entry was madein a case filed by Plaintiff in the United States District Court for the Western District of Michigan:

> 02/22/1997 JUDGMENT: (2 pgs) by Senior Judge Wendell A. Miles dismissing case for failure to pay the $150 filing fee and also discerning no good-faith basis for an appeal; should pltf proceed on appeal, he must pay the $105 appellate filing fee in a lump sum as he is prohibited from proceeding in forma pauperis on appeal by 28 U.S.C. 1915(g) (cc: pltf and Attorney General) (sds) (Entered: 02/22/1999)

(Case No. 98-00167, Dkt. #7).

As to Plaintiff's 1995 case, Case No. 95-73786, the Report and Recommendation was filed April 4, 1996, and the Judgement was filed May 13, 1996. The PLRA became effective April 26, 1996, thus the Judgment was filed after that date. In any event, it is worth noting that the "three strikes" portion of the PLRA has been held to be retroactive as to counting prior frivolous actions. In *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998), the Sixth Circuit held that there was

> no reason to depart from the analysis adopted by other circuits that have addressed the retroactivity issue, and we thus hold that dismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the "three strikes" referred to in 28 U.S.C. § 1915(g). After determining that the "three strikes" provision applies to Wilson's present filings, we must now examine the plaintiff's constitutional challenges to the operation of § 1915(g).

Plaintiff may not proceed *in forma pauperis* (IFP), a status he was granted on October 20, 2006 (Dkt. #2 and #3), unless he is in "imminent danger." Although Plaintiff alleges imminent danger," Plaintiff is actually currently housed in the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. The allegations relate to Plaintiff Ricky Hawthorne's confinement at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan. Since he has been transferred out of JCF, any danger that the Defendant Vasbinder posed to him, no longer exists. In *Lloyd v.*

*Graham*, 22 Fed. Appx. 525, 526, 2001 WL 1450816, *1 (6th Cir. 2001),[2] the Sixth Circuit held that

"none of the reasons offered by Lloyd ha[d] any merit for the reasons stated by the district court."

The district court had held

> Plaintiff's claim that he is in imminent danger because he was assaulted by prison guards on November 20, 2000 is also insufficient to allow him to proceed *in forma pauperia*. A prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the PLRA's three strikes provision. *Meberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). Because the imminent danger of serious physical injury exception cannot be trigger solely by complaints of past abuse, Plaintiff cannot be allowed to proceed *in forma pauperis* with this civil rights action. *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999). While Plaintiff claims that he is still in fear of the prison guards who assaulted him on November 20, 2000, Plaintiff has offered no credible evidence of any continuing threats on the part of prison staff towards him. *White*, 157 F.3d at 1232. Although Plaintiff alleges that he was assaulted by prison staff, he does not sufficiently allege any immediate or specific danger of future serious physical injury that would permit him to fall within the exception to the three strikes rule. *See Davis v. Cook*, 2001 WL 128320, *1 (6th Cir. February 7, 2001).

(*Lloyd v. Graham*, Opinion and Order of Summary Dismissal, Case No. 01-70021, Dkt. #7, page 6).

His conclusory allegations that he will receive even worse treatment at URF are insufficient to

establish "any immediate or specific danger of future serious physical injury that would permit him

to fall within the exception to the three strikes rule" as in *Lloyd*.

Thus, because Plaintiff does not fall within the exception, he should not be allowed to

continue this suit *in forma pauperis* pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g).

Thus, at this time Defendant's arguments for summary judgement are not addressed because

Plaintiff's case was not properly brought before this Court.

## IV.    **CONCLUSION**

---

[2]Defendants cite this case for the following proposition: "If a prisoner has been transferred to another facility, he cannot establish the individual defendants pose an imminent danger to him (only exception to the 3-strikes rule)." (Dkt. #86, page 7, n.17).

For the reasons stated above, IT IS RECOMMENDED that Plaintiff's *in forma pauperis* status be REVOKED pursuant to 28 U.S.C. § 1915(g), and Plaintiff's §1983 claim against Defendant Douglas Vasbinder be DISMISSED without prejudice to being refiled upon payment of the applicable filing fee pursuant to 28 U.S.C. § 1914.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Date: July 19, 2007                                  s/Steven D. Pepe
Flint, Michigan                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on <u>July 19, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Christine M. Campbell</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Rickey Hawthorne #180295, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784</u>.

<u>s/ James P. Peltier</u>
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peliter@mied.uscourts.gov