UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

RICKEY HAWTHORNE,
    Plaintiff,

vs.
    Civil Action No.
    06-CV-14011
    HON. BERNARD A. FRIEDMAN

PATRICIA CARUSO, et al.,
    Defendants.
_____/

## OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

This matter is presently before the Court on Defendants' Motion for Summary Judgment [docket entry 9]. On July 19, 2007, Magistrate Judge Steven D. Pepe issued a Report and Recommendation ("R&R"), in which he does not reach the merits of this matter, but rather recommends that the Court dismiss Plaintiff's Complaint without prejudice pursuant to the "three strikes" provision contained in 28 U.S.C. § 1915(g). Plaintiff has filed objections[1] to Magistrate Judge Pepe's R&R. However, Plaintiff states that his objections are "incomplete,"[2] despite having been granted a 30-day filing extension by the Court, because he was not able to obtain essential supplies until after the extended filing deadline and because he was not able to attend two separate

---

[1] The Court notes that Plaintiff's partially handwritten objections are highly disorganized, very difficult to understand, and consist largely of irrelevant rambling.

[2] Specifically, in mid-argument, Plaintiff states that he "cannot proceed any further with this brief and arguments for reasons set forth in Plaintiff's 'Statement Explainins [sic] Incomplete Brief and Arguments.'" (Pl.'s Objections at 11.) Nevertheless, Plaintiff wisely informs the Court of the basis of his remaining objections. Thus, the Court will address these concerns as well as the ones that Plaintiff has fully briefed.

library call-outs. (Pl.'s Statement Explaining Incomplete Br. and Argument at i.)[3] Plaintiff also states that his disabling health conditions contributed to his failure to file complete objections. (*Id*.)

The Court has had the opportunity to fully review this matter. Normally, the Court reviews *de novo* only those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). However, in the interests of substantial justice and fairness, the Court will treat Plaintiff's incomplete objections as complete and conduct a *de novo* review of Magistrate Judge Pepe's R&R in its entirety. For the reasons discussed below, the Court believes that Magistrate Judge Pepe correctly and thoroughly analyzed all the issues, and therefore will accept and adopt his R&R as the findings and conclusions of the Court, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g), and revoke Plaintiff's *in forma pauperis* status.

I. **DOES 28 U.S.C. § 1915(g)'S THREE STRIKES PROVISION APPLY?**

In 1996, President Clinton signed into law the Prison Litigation Reform Act ("PLRA"). Part of this legislation, codified at 28 U.S.C. § 1915(g), reads, in its entirety,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[This] rule does not serve as a complete bar to prisoners filing lawsuits; rather, if a prisoner with three strikes wishes to file a suit or appeal, he must . . . do so at his own expense." *Fitts v. Sicker*,

---

[3] According to Plaintiff, he could not attend his library call-out on August 20, 2007, because of a hospital call-out to see a urologist. (*Id*. at i.) Further, on August 21, 2007, Plaintiff states that the library "spontaneously closed," preventing him from accessing the library on this date. (*Id*.)

2007 WL 419623, at *3 (6th Cir. Feb. 8, 2007) (citing *Jones Bey v. Johnson*, 407 F.3d 801, 809 n.8 (6th Cir. 2005)). Furthermore, as Magistrate Judge Pepe noted in his R&R, the "three strikes" provision may be raised by the court *sua sponte*. *See, e.g., Witze v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997) (dismissing the plaintiff's complaint, *sua sponte*, under section 1915(g)). It is well settled that actions dismissed before the effective date of the PLRA may be counted toward the "three strikes" referred to in section 1915(g). *See id.* 539-540 (noting that "those courts which have addressed the retroactive applicability of § 1915(g) are all in agreement that there is no impermissible retroactive effect by applying the statute to complaints which were filed prior to April 26, 1996, the enactment date of the PLRA") (citing cases); *see also Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998) (holding that "dismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)").

        Plaintiff has at least three strikes against him:

- **Strike One**: *Hawthorne v. Mich. Dep't of Corrs., et al.*, No. 02-CV-70768 (E.D. Mich. Apr. 1, 2003) (accepting and adopting the Magistrate Judge's recommendation to grant Defendants' various motions to dismiss for failure to state a claim upon which relief may be granted and motion for summary judgment).

- **Strike Two**: *Hawthorne v. United States*, No. 98-CV-71558 (E.D. Mich. May 1, 1998) (dismissing Plaintiff's Complaint "as frivolous pursuant to § 1915(e)(2)(B)").

- **Strike Three**: *Hawthorne v. Fuquaq, et al.*, No. 95-CV-73786 (E.D. Mich. May 13, 1996) (dismissing Plaintiff's First Amendment claim regarding access to courts due to "conclusory allegations [which were] insufficient to state a cause of action . . ." and dismissing Plaintiff's Eighth Amendment claim of cruel and unusual punishment due to conclusory allegations "not supported by factual allegations which are required to state a claim pursuant to 42 U.S.C. § 1983").

The fact that the *Fuquaq* matter was commenced before the effective date of the PLRA is irrelevant for two reasons. First, the order of dismissal was entered after the effective date of the PLRA. Second, even if this were not the case, it would still count as a strike under section 1915(g), as

interpreted by the Sixth Circuit. *See Wilson*, 148 F.3d at 604.

In his objections, Plaintiff argues that the three previously litigated civil cases listed above as strikes against Plaintiff should have never been dismissed as frivolous, or for failure to state a claim upon which relief may be granted. (*See* Pl.'s Objections at 11-12.) However, the time to appeal these judicial determinations has long passed. Plaintiff cannot change the past. Therefore, Plaintiff cannot proceed *in forma pauperis* unless he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

II. **IS PLAINTIFF UNDER "IMMINENT DANGER OF SERIOUS PHYSICAL INJURY?"**

As Magistrate Judge Pepe noted, the allegations in Plaintiff's Complaint relate to Plaintiff's confinement at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan. However, after the Complaint was filed, Plaintiff was transferred to the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. Therefore, "any danger that Defendant Vasbinder posed to [Plaintiff], no longer exists." R&R at 4. Nevertheless, Plaintiff argues, in his objections, that "[s]tatewide policies and customs of the Michigan Department of Corrections . . . which are allowed to continue, are the moving force causing serious physical injury to Plaintiff, and which has Plaintiff under danger of imminent physical injury." (Pl.'s Objections at 3.) Plaintiff seems to argue that the general policies and customs of the MDOC force him to choose between accessing the courts, on the one hand, or purchasing essential hygiene items, on the other hand. (*See* Pl.'s Compl. at 5E.) However, for all the reasons discussed by Magistrate Judge Pepe, Plaintiff has not presented sufficient evidence to establish an imminent danger of serious physical injury under 28 U.S.C. § 1915(g). *See* R&R at 4-5.

III. **IS 28 U.S.C. § 1915(g) UNCONSTITUTIONAL?**

4

Plaintiff also argues that 28 U.S.C. § 1915(g) is unconstitutional. The Sixth Circuit has already addressed and rejected this argument. In *Wilson*, the Sixth Circuit upheld the constitutionality of section 1915(g) and determined that it does not violate the Equal Protection Clause, does not deny indigent prisoners access to the courts, does not violate due process principles, does not constitute a bill of attainder, and is not an *ex post facto* law. 148 F.3d at 604-606. *See also Shabazz v. Campbell*, 2001 WL 700827, at *1 (6th Cir. June 12, 2001) (citing *Wilson* for the proposition that section 1915(g) is not unconstitutional); *Lloyd v. Graham*, 2001 WL 1450816, at *1 (6th Cir. Nov. 6, 2001) (same).

Accordingly,

IT IS ORDERED that Plaintiff's objections to Magistrate Judge Pepe's R&R are overruled.

IT IS FURTHER ORDERED that Magistrate Judge Pepe's R&R of July 19, 2007, is accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that this matter is dismissed without prejudice to being re-filed upon payment of the applicable filing fee under 28 U.S.C. § 1914.

IT IS FURTHER ORDERED that Plaintiff's *in forma pauperis* status is revoked.

\_\_\_\_s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: September 13, 2007
      Detroit, Michigan